### McKINNON v. MORSE et al.

#### (Circuit Court, S. D. New York. March 9, 1910.)

1. BANKS AND BANKING (§ 254*)—NATIONAL BANKS—ULTRA VIRES TRANSACTIONS—DIRECTORS' LIABILITY—BILL—CAPACITY TO SUE.

A bill by a stockholder's agent of an insolvent bank against directors to recover moneys lost by ultra vires transactions of the president and vice president, in which defendants participated, alleging that at a stockholders' meeting held pursuant to law plaintiff was elected as shareholders' agent to wind up the affairs of the bank in place of a receiver, and that he gave bond, as required by law, and is the duly qualified agent of the shareholders to act in the place of the receiver, sufficiently showed complainant's capacity to sue.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 254.*]

2. BANKS AND BANKING (§ 253*)—NATIONAL BANKS—ULTRA VIRES TRANSACTIONS—STOCK SPECULATIONS.

Where directors of a national bank engaged in or knowingly permitted stock speculation by the president and vice president with the bank's funds, such directors were liable for the losses sustained.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 253.*]

3. BANKS AND BANKING (§ 254*)—ACCOUNTING—ADEQUATE REMEDY AT LAW.

Where a stockholder's agent of a national bank sought to recover from directors losses sustained by stock speculations of the president and vice president with the directors' knowledge and participation, a bill in equity for an accounting was sustainable, though a recovery at law could be had as to some of the transactions pleaded.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 254.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Bill by John W. McKinnon, as agent for the shareholders of the National Bank of North America in New York, against Charles W. Morse and others. On demurrer to the petition. Overruled.

Underwood, Van Vorst & Hoyt, for complainant.
Gifford, Hobbs & Beard, for defendants.

COXE, Circuit Judge. The defendants Havemeyer and Flagler demur to the bill filed by the complainant, as agent for the shareholders of the National Bank of North America, to recover moneys alleged to have been lost by Curtis and Morse, president and vice president, respectively, of the bank, in ultra vires transactions which were well known to the defendants and in which they participated. The action was originally commenced by Charles A. Hanna, as receiver, but the complainant having been elected as shareholders' agent pursuant to law moved, on notice to the defendants, to be substituted as complainant in the place and stead of Mr. Hanna, which motion was granted.

The bill alleges, in substance, that pending the prosecution of this suit instituted by Hanna as receiver a meeting of the shareholders of the bank was held pursuant to law, and the present complainant was duly elected as shareholders' agent to wind up the affairs of the bank in place of the said receiver. That he gave a bond as required by law and is the duly qualified agent of the shareholders to act in the place and stead of the said receiver. These allegations are criticised by the demurrer, it being asserted that the averments in the bill that the meeting of shareholders was duly called, the complainant duly elected and the bond duly given are insufficient in law.

I am of the opinion that this criticism is not well founded. It is not necessary to plead evidence. It is enough if the averment be sufficient to inform the defendants of the capacity in which the complainant sues, and definite enough to sustain the proof showing his title. I have no doubt that under allegations of the second paragraph of the bill the complainant may introduce proof showing that the meeting of creditors was properly called and legally held, that he was then and there elected shareholders' agent and gave the bond as required by law. Unless the complainant's title be admitted, such proof must be given at the trial. If not given, or if the proof be insufficient, the bill will be dismissed, but the allegations are sufficient to sustain the proof showing that the complainant has legal capacity to sue.

The other grounds of demurrer may be considered generally and it will greatly simplify the discussion if it be remembered that the bill is based upon the proposition that the defendants are charged with using the funds of the bank in stock speculations.

The bill alleges with great particularity various transactions in which the funds of the bank were used in the purchase of stocks of a highly speculative and fluctuating character. It avers that the defendants knew of these transactions, assented thereto and ratified the same by receiving profits therefrom.

If these allegations be true the liability of the defendants is established. Stock speculation is no part of the business of a national bank.

First National Bank v. Exchange Bank, 92 U. S. 122, 128, 23 L. Ed. 679; Bank v. Converse, 200 U. S. 425, 439, 26 Sup. Ct. 306, 50 L. Ed. 537. Directors who engage in or knowingly permit it are unfaithful to their trust and are liable for losses thus occasioned. They are chosen as the guardians of the funds of the bank to protect them from forbidden and unlawful uses and are not permitted to subject them to hazardous and ultra vires risks for their own benefit or for the benefit of others. If they knowingly permit the fund, which it is their duty to guard, to be plundered, they are liable and must restore the lost property. The bill does not charge the defendants with liability because of ignorance and neglect of duty as in Briggs v. Spaulding, 141 U. S. 132, 11 Sup. Ct. 924, 35 L. Ed. 662, but it alleges actual knowledge and affirmative participation in the unlawful acts of the officers of the bank, which produced the losses complained of.

The complainant asks for an accounting showing the amount of the losses occasioned by the wrongful acts of the defendants less the amounts due from him to them, respectively. It may be true that a recovery at law could be had as to some of the transactions stated in the bill but that furnishes no reason why equity may not take cognizance of the controversy and determine it in a single suit.

In Cooper v. Hill, 94 Fed. 582, 587, 36 C. C. A. 402, 407, the court says:

"This is a suit to compel the restoration of a trust fund of $20,864.82 which the appellants unlawfully diverted from that fund, and it involves an accounting of the money diverted between the receiver and the appellants. It is therefore a suit against officers of a bank to execute a trust and to compel an accounting, and it avoids a multiplicity of suits at law. This court has repeatedly held, for reasons which now seem to us obvious, and which are stated at length in our opinions, that equity has jurisdiction of such a suit. Hayden v. Thompson, 36 U. S. App. 362, 367, 17 C. C. A. 592, 594, and 71 Fed. 60, 62; Cockrill v. Cooper, 57 U. S. App. 576, 29 C. C. A. 529, 535, 538, and 86 Fed. 7, 12, 16."

The demurrers are overruled, the defendants to answer within 20 days after the service upon them of a copy of the order.